## WALKER v CLEVELAND METAL BED CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10301. Decided March 24, 1930

Patterson, O'Brien & Holland, Cleveland, for Walker.

Howell, Roberts & Duncan, Cleveland, for Bed Co.

VICKERY, PJ.

Now it is argued that if the evidence contained in the affidavit had been properly submitted to the trial court, inasmuch as he had directed a verdict because without this evidence the inference was not sufficient to show that the truck was being used on behalf of The Cleveland Metal Bed Company at the time of the injury, that when the product in which presumably The Cleveland Metal Bed Company dealt, was found to be in the truck, it would bring it squarely within the Tabor Ice Cream Company case supra, and that the court must necessarily have submitted this case to the jury under the rule adopted in the Tabor Ice Cream Company case. This would be a potent and we think an unanswerable argument had the plaintiff rested upon **inferences alone,** but unfortunately for the plaintiff in this action she introduced the officers of the company and their testimony is in the record that on this day of the accident this man was not working for the Company; that he had asked leave to borrow the truck for doing work other than that of The Cleveland Metal Bed Company, and that they had loaned the truck to him and that at the time this accident occurred, although it was their truck and the driver was a man who had been employed by them before and was employed by them after, yet they never employed him on Sunday and at the time this accident occurred he was not in their employ nor was the truck used on behalf of the Company; and that he was not acting within the scope of his employment by them, and so this positive testimony was brought into the record by the counsel for the plaintiff and so the inference which might otherwise have been drawn from the metal bed springs being in the truck was no longer important, for there was positive testimony to the contrary; that is, that this truck at the time was not being used in and on behalf of the defendant company and that the man driving the truck was not within the scope of his employment at the time of the accident and, therefore, as already stated, the inference to be raised from the affidavit was no longer important and, therefore, the court did not commit any error in overruling the motion for a new trial based on the discovery of new evidence.

We think on the whole record as it comes to us in this case that the court was right in directing a verdict, and there being no error in the record the judgment of the court below will be affirmed.

Levine, J, concurs.

Sullivan, J, not participating.